# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JUNE SESSION, 1996

JERRY DORSEY,

     Appellant,

VS.

STATE OF TENNESSEE,

    Appellee.

)
)
)
)
)
)
)
)
)
)
)

C.C.A. NO. 02C01-9508-CR-00218

SHELBY COUNTY

HON. W. FRED AXLEY
JUDGE

(Post-Conviction Relief)

**FILED**

September 09, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

**FOR THE APPELLANT**

CHRISTOPHER L. NEARN
100 North Main Building
Suite 3400
Memphis, TN  38103

**FOR THE APPELLEE**

CHARLES W. BURSON
Attorney General and Reporter

DEBORAH A. TULLIS
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

JOHN W. PIEROTTI
District Attorney General

EDGAR PETERSON
Assistant District Attorney
201 Poplar Avenue
Memphis, TN  38103

OPINION FILED _____

AFFIRMED IN PART; REMANDED IN PART

JERRY L. SMITH, JUDGE

# OPINION

Appellant Jerry Dorsey appeals from the dismissal of his third petition for post-conviction relief. On January 22, 1988 Appellant pled guilty to aggravated sexual battery, aggravated assault, and burglary. On February 21, 1995, the post-conviction court dismissed Appellant's third petition for post-conviction relief after addressing the petition on its merits. On November 26, 1996, this Court ordered Appellant and the State to file supplemental briefs addressing whether Appellant's third petition for post-conviction relief was outside of the statute of limitations found in Tennessee Code Annotated § 40-30-102 (1990) (Repealed). Appellant claims that although his third petition is time-barred, this Court should address the claims raised in his third petition because his case remains open due to lack of notice of the dismissal of his first petition for post-conviction relief. The issue for review before this Court is whether Appellant's third petition for post-conviction relief was filed beyond the statute of limitations found in Tennessee Code Annotated § 40-30-102.

After entering into a negotiated plea agreement on January 22, 1988, Appellant was sentenced to fifteen years for aggravated sexual battery, six years for aggravated assault, and ten years for burglary. The sentences were ordered to be served concurrently for an effective sentence of fifteen years. On February 27, 1989, Appellant filed his first petition for post-conviction relief which was dismissed. Although the record does not contain a copy of this petition, the record indicates that it was essentially a request for documents. Appellant claims that he never received a copy of the Order of Dismissal of his first petition. On September 19, 1989, Appellant filed his second petition for post-conviction relief, which was styled as an

amendment to his first petition. His second petition for post-conviction relief was dismissed. On May 27, 1993, Appellant filed a writ of habeas corpus, which the court treated as a petition for post-conviction relief. On August 19, 1993 Appellant filed an amendment to his third petition. Even though Appellant in his writ of habeas corpus conceded that a third petition for post-conviction relief was time-barred, the post-conviction court allowed Appellant to proceed under the amendment to the third petition, consolidating Appellant's second petition with his third petition. On February 21, 1995, the post-conviction court dismissed Appellant's third petition for post-conviction relief.

Appellant argues that although his third petition for post-conviction relief was filed beyond the time permitted by Tennessee Code Annotated § 40-30-102, he should nevertheless be allowed to proceed under his most recent filing since the statute of limitations was tolled by his failure to receive a copy of the Order of Dismissal of his first petition. He maintains that under Tennessee Rule of Civil Procedure 58, an order without a certificate of service signed by only one party is a nonfinal order which cannot be appealed. Therefore, as Appellant's argument goes, Appellant's first petition remains open, permitting us to address the claims found in his third petition.

The Post-Conviction Procedure Act provides that, "The clerk of the court shall send a copy of the final judgment to the petitioner...." Tenn. Code Ann. § 40-30-119(1990) (Repealed). Therefore, we need not consider Appellant's claim that Rule 58 of the Tennessee Rules of Civil Procedure is applicable. In fact, we have held

that a petitioner who does not receive the notice mandated by the Post-Conviction Procedure Act is entitled to relief from the dismissal of his petition. Clotfelter v. State, No. 03C01-9206-CR-00210, 1993 WL 247926, at *3 (Tenn. Crim. App. July 8, 1993). In Clotfelter, petitioner filed his first petition for post-conviction relief on April 2, 1987, alleging that his guilty pleas were involuntarily entered. His first petition was dismissed although he alleged that he never received a copy of the order of dismissal. On November 1, 1991 Clotfelter filed his second petition for post-conviction relief again alleging an involuntary plea. We held that because Clotfelter's second petition was beyond the three-year statute of limitations found in Tennessee Code Annotated § 40-30-102, his second petition was time-barred. Clotfelter, 1993 WL 247926, at *4. However, we remanded the case to the trial court to hold an evidentiary hearing on whether or not Clotfelter's first petition could be reopened if in fact he did not receive proper notice. Similarly, in Morgan v. State, petitioner filed a second petition beyond the statute of limitations but claimed that it should be heard because he never received notice of the dismissal of the first petition. No. 03C01-9306-CR-00184, 1994 WL 71202, at *1 (Tenn. Crim. App. March 9, 1994), perm. to app. den., (Tenn. 1994). We refused to hear Morgan's second petition because it was time-barred and had absolutely no relation to the grounds stated for relief in his first petition. Morgan, 1994 WL 71202, at * 2.

In the case at bar, we find that Appellant's third petition for post-conviction relief is time-barred, and therefore we affirm its dismissal. As for re-opening Appellant's first filing, we remand the case to the post-conviction court for an evidentiary hearing to determine whether or not Appellant received notice of the dismissal of his first petition. If he did not, he is entitled to a hearing on the grounds

–4–

raised in the first petition and the first petition only.

_____
JERRY L. SMITH, JUDGE

CONCUR

_____
JOSEPH M. TIPTON, JUDGE

_____
DAVID H. WELLES, JUDGE